UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

M. RICHARD MELLON, and
DIESEL, LTD., an Oregon corporation,

    Plaintiffs,

Case No. 3:05-cv-303-J-99MMH

v.

WCI COMMUNITIES, INC., a Delaware
corporation, and HAMMOCK DUNES
REAL ESTATE COMPANY, a
Florida corporation,

    Defendants.
_____/

## ORDER

Before the Court is the parties' Joint Unopposed Motion to Approve Mark A. Buckstein as Mediator (Doc. No. 50, filed on July 15, 2005). Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1) **Referral to Mediation**: This case shall be referred to a mediation conference in an attempt to equitably settle the issues. Pursuant to the parties' agreement, **Mark A. Buckstein**, Esq. shall serve as Mediator.

2) **Conduct and Scheduling of Mediation Conference:** As agreed by the parties in the Joint Unopposed Motion, the mediation conference shall be conducted on August 25, 2005, in accordance with this Order. See Doc. No. 50. Unless otherwise agreed upon by the parties, the mediation conference will be conducted in facilities arranged by the Clerk at the United States Courthouse, Jacksonville, Florida. If the mediation takes place in the United States Courthouse, participants are required to report to the Clerk's Office twenty (20) minutes prior to the scheduled

starting time of the mediation conference to determine the room assignment for the conference.

3) **Designation of Lead Counsel:** Plaintiffs' Counsel is designated as lead counsel and not later than **twenty (20) days** from the date of this Order, lead counsel shall file a report indicating any changes to the agreed date for conducting the mediation conference.

4) **General Rules Governing the Mediation Conference:** Although the mediation process is defined in greater detail in Chapter Nine of the Local Rules and the attachment to this Order, the following additional guidelines are imposed upon the mediation process:

> a) **Case Summaries:** Not later than **ten (10) working days** prior to the scheduled mediation conference, each party shall mail directly to the mediator and opposing counsel a brief written summary of the facts and issues of the case. These summaries shall be treated as confidential communications, and shall not be incorporated into the public records of this case.
>
> b) **Identification of Corporate and/or Claims Representatives:** As part of the written case summaries, counsel for corporate parties and claims professionals shall state the name and general job description of the employee or agent of the corporation who will attend and participate on behalf of the corporate party.
>
> c) **Authority of the Mediator:** The mediator shall have authority to consult and conduct conferences and private caucuses with counsel, individual parties, corporate representatives, and claims professionals to suggest alternatives, analyze issues, question perceptions, use logic, stimulate negotiations, and keep order.
>
> d) **Authority to Declare Impasse:** Although the average mediation conference usually takes between three (3) and five (5) hours, participants shall be prepared to spend as much time as necessary to settle the case, or until an impasse is declared by the mediator.

5) **Compensation of the Mediator:** The mediator shall be compensated at an hourly rate of $150.00. Unless otherwise agreed to by counsel, the cost of the mediator's compensation shall be borne equally by all parties, and shall be payable immediately upon the conclusion of mediation.

**DONE AND ORDERED** at Jacksonville, Florida, this _27th_ day of July, 2005.

_____
HARVEY E. SCHLESINGER
United States District Judge

Attachment: Federal Court Mediation - Description of the Process

Copies to:

Casey K. Weidenmiller, Esq. (w/ attachment)
James A. Boatman, Jr., Esq. (w/ attachment)
Stacey K. Sutton, Esq. (w/ attachment)
Joseph Ianno, Jr., Esq.(w/ attachment)
James M. Riley, Esq. (w/ attachment)
Sarah C. Herzog Crass, Esq. (w/ attachment)

Mark A. Buckstein (w/ attachment)

Garry Randolph, Courtroom Deputy